**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**William H. MADISON, Defendant,**

**and Concerning Amwest Surety**
**Insurance Company, Surety,**
**Intervenor–Appellant.**

**No. 94CA1863.**

Colorado Court of Appeals,
Div. V.

Nov. 9, 1995.

Rehearing Denied Nov. 24, 1995.

Gale A. Norton, Attorney General, Stephen K. Erkenbrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Sandra K. Mills, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Gerash, Robinson & Miranda, P.C., Todd J. Thompson, Denver, for Intervenor–Appellant.

Opinion by Judge ROY.

Amwest Surety Insurance Company (Amwest) appeals from the judgment of $10,000 entered against it on the forfeiture of the bail bond it posted for the release of defendant, William Madison. We reverse and remand for further proceedings.

When the defendant failed to appear as required on July 6, 1994, the trial court issued an arrest warrant, ordered the forfeiture of the bail bond posted by Amwest, issued a citation to Amwest to show cause why judgment should not be entered against it on the forfeiture, and set a show cause hearing for August 11, 1994.

Prior to the show cause hearing, the defendant was taken into custody, and the sheriff's department notified the trial court in writing that the defendant was then incarcerated in the city jail and was "available for court anytime." The defendant appeared at the show cause hearing in custody and Amwest failed to appear.

Under questioning by the trial court, defendant stated that he had been stopped for a routine traffic offense, that he told the

police that there was an outstanding warrant for his arrest, and that he was taken into custody on the warrant. The trial court then orally entered judgment against Amwest on the forfeiture, specifically noting Amwest's failure to appear.

Subsequently, Amwest filed a motion seeking to vacate the oral judgment and to be exonerated from liability on the bond on the grounds that the defendant had been in custody prior to the entry of judgment, although he admittedly had been "brought in by law enforcement authorities." The trial court summarily denied the motion, the court's oral entry of judgment was subsequently reduced to writing and signed by the court, and this appeal followed.

On appeal, Amwest contends that it was entitled by statute to exoneration from liability on the bond because defendant had surrendered and was in custody, available to appear, and did appear prior to entry of judgment on the forfeiture. We agree.

Section 16-4-108(1), C.R.S. (1986 Repl.Vol. 8A) provides as follows:

> Any person executing a bail bond as principal or as surety shall be exonerated as follows:
>
> . . . .
>
> (c) Upon surrender of the defendant into custody at any time before a judgment has been entered against the sureties for forfeiture of the bond, upon payment of all costs occasioned thereby. A surety may seize and surrender the defendant to the sheriff of the county wherein the bond is taken, and it is the duty of the sheriff, on such surrender and delivery to him of a certified copy of the bond by which the surety is bound, to take the person into custody and, by writing, acknowledge the surrender. If a compensated surety is exonerated by surrendering a defendant prior to the appearance date fixed in the bond, the court, after a hearing, may re-

quire the surety to refund part or all of the bond premium paid by the defendant if necessary to prevent unjust enrichment.

The People argue that Amwest cannot be exonerated because the defendant was returned to custody without the assistance of Amwest. We disagree.

While the statute at issue authorizes a surety to seize and surrender a defendant, there is no requirement that a defendant be taken into custody or be surrendered by the surety in order for the surety to be entitled to exoneration prior to judgment. We decline to read such a requirement into the statute.

In contrast, § 16-4-109(4), C.R.S. (1995 Cum.Supp.), which deals with postjudgment remission, expressly requires that a surety "effects the apprehension or surrender of the defendant" in order to qualify for remission. Had the General Assembly intended such a requirement for prejudgment exoneration, it could have so provided.

The record reveals that the issue of costs was neither addressed by the parties nor considered by the trial court. Therefore, this case must be remanded to the trial court for determination and assessment of costs pursuant to § 16-4-108(1)(c). *See People v. Campbell,* 633 P.2d 509 (Colo.App.1981); *see also People v. Caro,* 753 P.2d 196 (Colo.1988).

Accordingly, the judgment on the forfeiture is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

DAVIDSON and CASEBOLT, JJ., concur.